UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Thomas F. Ritter,
             *Plaintiff-Appellant,*

v.

Union Camp Corporation,
             *Defendant-Appellee.*

No. 01-1101

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-98-3329-3)

Submitted: May 29, 2001

Decided: June 18, 2001

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas F. Ritter, Appellant Pro Se. Angus H. Macaulay, Jr., Sue
Erwin Harper, NELSON, MULLINS, RILEY & SCARBOROUGH,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas F. Ritter appeals the district court's order granting summary judgment to Ritter's employer, Union Camp Corporation's ("Union"). Ritter alleged employment discrimination and sought recovery under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000), 42 U.S.C. § 1981 (1994), and 42 U.S.C. § 1988 (1994).

Union moved for summary judgment pursuant to Fed. R. Civ. P. 56. The magistrate judge to whom the case was referred issued a recommendation to grant Union's motion for summary judgment, to which Ritter filed objections. After reviewing Ritter's objections, the district court granted Union's motion for summary judgment. The district court declined to review affidavits submitted by Ritter with his objections to the magistrate judge's report and recommendation.

Ritter moved to reconsider, alter, or amend the district court's judgment. Ritter asserted the affidavits he submitted to the district court were newly discovered evidence that the district court improperly declined to review when it considered Ritter's objections. The district court vacated its original order and judgment and remanded the matter to the magistrate judge to determine whether Ritter's affidavits were newly discovered evidence. The magistrate judge concluded that Ritter could not establish that the affidavits he submitted constituted newly discovered evidence. On December 15, 2000, the district court reinstated its prior judgment, holding that Ritter's affidavits were not newly discovered evidence.

In his informal brief, Ritter raises several issues for review. First, Ritter raises a number of claims challenging the district court's grant of Union's motion for summary judgment. This Court reviews a grant of summary judgment de novo, viewing all facts and inferences drawn from those facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Our review of the record reveals that Ritter has not established a prima facie case of discriminatory treatment and therefore

cannot show that a genuine issue exists for trial. Fed. R. Civ. P. 56(c); *Wright v. National Archives and Records Serv.*, 609 F.2d 702, 714 (4th Cir. 1979); *Dodgens v. Kent Manufacturing Co.*, 955 F. Supp. 560, 566-67 (D.S.C. 1997).

Second, Ritter asserts the district court erred by excluding the affidavits he submitted with his objections to the magistrate judge's report and recommendation on the grounds that these affidavits were newly discovered evidence. During the discovery period, Ritter failed to depose any of the individuals whose affidavits he submitted to the district court, though he had the opportunity to do so. Consequently, he cannot show that he exercised due diligence. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

Third, Ritter asserts the district court erred by failing to give him proper notice that a hearing would take place to evaluate Union's motion for summary judgment. Since the district court never held a hearing on Union's motion for summary judgment, this claim is without merit.

Fourth, Ritter relies on South Carolina procedure to assert the district court erred by not independently addressing each of his claims. We find no error with the format of the district court's orders.

Fifth, Ritter asserts the district court erred by not granting his motion to reconsider, alter, or amend its August 15, 2000, judgment. Since the district court granted Ritter's motion and vacated its initial judgment, this claim is without merit.

Accordingly, we affirm. We deny Ritter's request for additional time to file additional supplements to this Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*