21269

Judith L. Summers HOOK, as Administratrix of Estate of Jack R. Summers, Respondent, v. Jerry C. ROTHSTEIN, M.D., Appellant.

(268 S. E. (2d) 288)

*Robinson, McFadden, Moore & Pope,* and *Malcolm E. Rentz,* Columbia, *for appellant.*

*O. Fayrell Furr, Jr.,* Columbia, *for respondent.*

*Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen & Blanton,* Columbia, on behalf of S. C. Medical Association; and *Joel D. Bailey,* of *Moss, Carter, Branton & Bailey,* Beaufort, *amicus curiae,* for *S. C. Trial Lawyers Association.*

July 22, 1980.

LITTLEJOHN, Justice:

Defendant, Dr. Jerry C. Rothstein appeals from the granting of summary judgment on the liability issue against him in this medical malpractice action. We reverse.

The pleadings and depositions establish that plaintiff's intestate, Jack R. Summers, was experiencing abdominal pain and employed Dr. Liverman, a general practitioner, to treat him in the fall of 1971. The following January, Summers again saw Dr. Liverman who recommended an upper and lower G.I. Series. As a result of x-rays, Dr. Liverman recommended that an intravenous pyelogram (IVP) be performed. In this procedure a contrast material is injected into the patient's veins and x-ray studies are made of the kidneys and ureter. Dr. Rothstein, a radiologist, was employed to administer the IVP. After Summers' body was injected with the contrast material, he suffered a severe reaction, went into cardiac arrest and died.

Summers' widow, an administratrix of her husband's estate, brought this action against Dr. Rothstein (and others), alleging that his negligence proximately caused the death of her husband. Dr. Rothstein was alleged to have been negligent in several particulars, including a failure to inform Summers that:

". . . [he] might suffer serious adverse reactions and die, which risk should have been realized and disclosed by a reasonable radiologist so that decedent could make an informed choice of whether or not to consent to the procedure; . . ."

Dr. Rothstein answered, denying that he was negligent or that he violated any duty to Summers.

Both defendant Dr. Rothstein and plaintiff, Summers' widow, made motions for summary judgment. In support of his motion Dr. Rothstein submitted several affidavits averring that it was not the practice of radiologists in the Columbia area, where he practiced, to inform IVP patients of the risk of reaction to the contrast material. Summers' widow presented no affidavits and relied upon the pleadings and upon discovery. The lower court ruled as a matter of

law that Dr. Rothstein was negligent and that his negligence was the proximate cause of the death. The court found that Dr. Rothstein breached his duty to inform Summers of the material risk involved in the IVP procedure. This left for future determination by the court only the amount of damages to be awarded.

This court has often noted that summary judgment is appropriate only where it is perfectly clear that no genuine issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *See McFarlane v. Manly,* S. C., 264 S. E. (2d) 838 (1980), and *South Carolina Farm Bureau v. Scott,* S. C., 262 S. E. (2d) 739 (1980). From a review of the entire record, we conclude that the trial judge erred in granting summary judgment. The record before us clearly establishes that there are issues which must be determined by the trier of the facts. Accordingly, the order of the circuit court is reversed and the matter remanded for trial.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.