2094

Phil DUCK Appellant v. WALLACE ASSOCIATES, INC., Respondent.

(438 S.E. (2d) 269)

Court of Appeals

---

*Deborah R.J. Shupe,* of *Berry, Dunbar, Daniel, O'Connor & Jordan,* Columbia, *for appellant.*

*Julian H. Gignilliat,* of *Gignilliat, Savitz & Bettis,* Columbia, *for respondent.*

Heard Nov. 4, 1993.

Decided Dec. 6, 1993.

GOOLSBY, Judge:

The plaintiff, Phil Duck, appeals from the grant of summary judgment is favor of the defendant, Wallace Associates, Inc., on the issues of breach of contract and failure to pay wages in an action brought pursuant to S.C. Code Ann. §§ 41-10-50 and 41-10-80(C) (1992). We reverse and remand.

In February 1990, Wallace employed Duck to manage a men's shoe department. Wallace sent Duck a confirmation letter stating Wallace would pay Duck $200 a week plus a three per cent sales commission and "overtime in accordance with government regulations." The confirmation letter contemplated Duck's "normal work week" would be 48 hours. The hours Duck actually worked as Wallace's employee varied from week to week. Wallace terminated Duck in October 1990.

Duck brought this action, claiming Wallace owed him additional compensation for overtime pay under government regulations. Wallace denied Duck's claim, asserting it had paid all amounts owed Duck under applicable government regulations.

According to an affidavit submitted by Wilburn N. Wallace,

Wallace's president, Wallace calculated Duck's overtime pay pursuant to 29 C.F.R. §§ 778.109 and 778.114.[1]

---

[1] 29 C.F.R § 778.109 provides:

The "regular rate" under the [Fair Labor Standards Act] is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§ 778.400-778.421. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The following sections give some examples of the proper method of determining the regular rate of pay in particular instances: (The maximum hours standard used in these examples is 40 hours in a workweek).

One "example[ ] of the proper method of determining the regular rate of pay in particular instances" is set forth in § 778.114, a section entitled "Fixed salary for fluctuating hours." As we gather, Wallace relies on subsection (a) thereof. This subsection provides:

An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. *Where there is a clear mutual understanding of the parties* that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

(Emphasis added.)
Strictly speaking, Duck was not an employee employed at a fixed salary for fluctuating hours but was an employee employed at a fixed salary for fluctuating hours, *plus a commission.* Nevertheless, we have assumed, for the purpose of this appeal, Wallace relies on § 778.114(a).

On appeal, Duck argues the trial court erred in granting Wallace's summary judgment motion because there are genuine issues of material fact regarding the parties' understanding of the term "overtime" and which particular government regulations apply to the employment contract in issue. We agree.

Summary judgment is appropriate only when it is perfectly clear that no genuine issue of material fact is involved *and* further inquiry into the facts is not desirable to clarify the application of the law. *Hook v. Rothstein*, 275 S.C. 187, 268 S.E. (2d) 288 (1980).

Here, Duck disputes he understood that the more overtime he worked, the less he would be paid for it. Further inquiry into the facts, therefore, is desirable to clarify the understanding of the parties regarding the payment of overtime and to clarify the application of the United States government regulations in issue. *See Condo v. Sysco Corp.*, 1 F. (3d) 599 (7th Cir. 1993) (wherein the court held § 778.114(a) applied to an employee after noting the employer and the employee had a mutual understanding that the employee would be paid according to the system set forth in § 778.114(a) and in the employment contract); *Burgess v. Catawba County*, 805 F. Supp. 341 (W.D.N.C. 1992) (wherein the court held the fluctuating workweek method of overtime calculation is an exception to the normal requirements of the Fair Labor Standards Act and the employer bears the burden of establishing compliance with the regulation, including evidence of a clear mutual understanding that the more hours worked, the less the pay rate).

Reversed and remanded.

HOWELL, C.J., and CURETON, J., concur.