515 S.E.2d 101

William C. NOLTE, Appellant,

v.

GIBBS INTERNATIONAL, INC., Respondent.

No. 2887.

Court of Appeals of South Carolina.

Heard Sept. 2, 1998.
Decided Oct. 5, 1998.
Refiled March 1, 1999.
Rehearing Denied May 8, 1999.

Stephen H. Brown, of Brown & Mooneyham; and O.W. Bannister, Jr., of Hill, Wyatt, Bannister & Brown, both of Greenville, for appellant.

H. Spencer King, of Leatherwood, Walker, Todd & Mann, of Spartanburg, for respondent.

## ORDER WITHDRAWING AND SUBSTITUTING OPINION AND DENYING PETITION FOR REHEARING

PER CURIAM:

After reviewing the Petition for Rehearing in this case, it is ordered that the opinion heretofore filed, Opinion No. 2887, filed October 5, 1998, be withdrawn and the attached Opinion be substituted. It is further ordered that except for the correction noted in the substituted opinion, the Petition for Rehearing is denied.

**IT IS SO ORDERED.**

CURETON, Judge:

In this wrongful discharge action, William C. Nolte (Nolte) alleges wrongful discharge, outrage, and a wage payment claim against Gibbs International, Inc. (Gibbs International). The trial court granted Gibbs International's motion for partial summary judgment as to wrongful discharge and outrage. Nolte appeals the dismissal of his wrongful discharge cause of action. We reverse.

### *FACTS*

Nolte is a certified public accountant (CPA). Jimmy Gibbs (Gibbs) is the sole owner of Gibbs International, a close corporation that buys and sells used textile equipment. Gibbs hired Nolte as controller of Gibbs International on October 12,

1992. Nolte was an at-will employee. He was terminated on January 28, 1994. Nolte was told he was discharged because his position was being eliminated.

During the course of his employment, Nolte became suspicious of various practices of Gibbs International. He questioned payments to several individuals and companies as unlawful kickbacks. At his deposition, Nolte testified to certain instances that occurred when he worked for Gibbs. For example, Wright Fibers, a company owned by Herbert J. Wright (Wright), purchased approximately one million dollars in goods from Gibbs. Wright Fibers overpaid, and Nolte's superiors directed him to pay two checks to Wright's personal account. Because these payments were made to Wright personally, Nolte advised his superior, Bob Ollis (Ollis), that a 1099 form should be issued. According to Nolte, Ollis discussed the matter with Gibbs. Ollis then told Nolte he would be discharged if he proceeded to issue the 1099 form.

Nolte also testified Gibbs routinely paid his personal maid from the company account. Nolte told Gibbs this was a personal item that was nondeductible as a corporate expense and should not be paid with corporate funds. Gibbs and Ollis both told Nolte they were not going to change the way the maid was paid, and if Nolte did not like it, he could quit.

Nolte alleges Gibbs used corporate funds to pay an air conditioning company when Gibbs changed the dehumidifier in his pool room at home. Nolte insists he was directed to call the air conditioning company and have them change the invoice description from "change out pool room dehumidifier" to "change out heating and air conditioning in office." Nolte refused and informed Ollis of his refusal. Ollis then directed someone else in accounts payable to make the call.

Nolte also testified Ernst & Young prepared the corporate tax returns, and Nolte supplied schedules and supporting documents to the accounting firm. Nolte testified he was told not to express his concerns to Ernst & Young about personal items being paid with corporate funds. He also testified to several instances where he believed Gibbs was paying illegal kickbacks.

## DISCUSSION

 Nolte argues he presented sufficient evidence to create a genuine dispute of material fact as to whether he was discharged in violation of a clear mandate of public policy. We agree.

Summary judgment is appropriate when it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Citizens and Southern Nat'l Bank of South Carolina v. Lanford,* 313 S.C. 540, 443 S.E.2d 549 (1994). Summary judgment should not be granted when inquiry into the facts is desirable to clarify the application of the law. *Hook v. Rothstein,* 275 S.C. 187, 268 S.E.2d 288 (1980). "In ruling on motions for summary judgment, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party." *Johnston v. Bowen,* 313 S.C. 61, 64, 437 S.E.2d 45, 47 (1993).

 South Carolina has long recognized the doctrine of employment at-will. *Culler v. Blue Ridge Elec. Coop., Inc.,* 309 S.C. 243, 422 S.E.2d 91 (1992); *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985). In *Ludwick,* the supreme court adopted a public policy exception to the employment at-will doctrine. The court held: "Where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *Id.* at 225, 337 S.E.2d at 216. This public policy exception clearly applies in cases where an employer requires an employee to violate the law, and to situations where the reason for the employee's termination was itself a violation of criminal law. *Garner v. Morrison Knudsen Corp.,* 318 S.C. 223, 456 S.E.2d 907 (1995).

Nolte alleges that he was terminated because he objected to Gibbs' questionable accounting and business practices, and because he refused to acquiesce in them. Nolte further alleges that his compliance with Gibbs' requests would have violated a number of state and federal laws. For example, Nolte cites 18 U.S.C. § 371, which addresses conspiracies to commit offenses or defraud the United States. A material factual issue exists as to whether Nolte's employment would

have required that he violate this law.[1] Nolte has also presented sufficient evidence to preclude summary judgment concerning his potential liability under 18 U.S.C. § 1341, a mail fraud statute.[2] Inquiry into the facts is desirable to clarify the application of the law in this case; therefore, summary judgment is inappropriate.[3] Upon a full development of the facts at trial, a violation of the public policy exception under *Ludwick* may be established. Therefore, summary judgment is inappropriate, and the trial court's grant of summary judgment is reversed.

**REVERSED.**

CONNOR and STILWELL, JJ., concur.

---

**1.** Under this section, filing a false tax return constitutes an attempt to defraud or commit an offense against the United States. *See United States v. Haskell*, 327 F.2d 281 (2d Cir.1964), *cert. denied*, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964). Furthermore, one with knowledge of a conspiracy who aids the conspirators in the execution of their unlawful scheme is equally guilty. *See Di Bonaventura v. United States*, 15 F.2d 494 (4th Cir.1926). Even if a person is not a part of the plan at its inception, a person who subsequently cooperates in the effort to obtain the unlawful results becomes a party to the conspiracy with equal responsibility for all that was done before he became personally involved. *See United States v. Lester*, 282 F.2d 750 (3d Cir.1960), *cert. denied*, 364 U.S. 937, 81 S.Ct. 385, 5 L.Ed.2d 368 (1961). Finally, an employee with knowledge of an employer's illegal plan who actively participates in the plan's effectuation can be found guilty as a co-conspirator. *See Baker v. United States*, 393 F.2d 604 (9th Cir.1968), *cert. denied*, 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106 (1968).

**2.** Mail fraud may be found when fraudulent tax returns are mailed to the IRS. *See United States v. Kellogg*, 955 F.2d 1244 (9th Cir.1992); *United States v. Helmsley*, 941 F.2d 71 (2d Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992). Illegal kickbacks may also implicate this statute. *See United States v. Fagan*, 821 F.2d 1002 (5th Cir.1987), *cert. denied*, 484 U.S. 1005, 108 S.Ct. 697, 98 L.Ed.2d 649 (1988); *United States v. Weiss*, 752 F.2d 777 (2d Cir.1985), *cert. denied*, 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 285 (1985). In some instances where an employer violates the statute, employees may be implicated also. *See United States v. Ramsey*, 785 F.2d 184 (7th Cir.1986), *cert. denied*, 476 U.S. 1186, 106 S.Ct. 2924, 91 L.Ed.2d 552 (1986).

**3.** In addition to the statutes previously discussed, Nolte also alleges he would have violated the following statutes by doing as Gibbs desired: S.C.Code Ann. §§ 12–7–2750, 16–13–240 & 16–17–410 (1976); 18 U.S.C. §§ 225, 1342, & 1961 (1988); 26 U.S.C. § 7201 (1988).