THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ann Ritter-Holmes, individually and as Personal 
 Representative of the Estate of Jean Searson Ritter, deceased,       
Appellant,
 
 
 

v.

 
 
 
The Unknown Heirs at Law, Next of Kin or Distributees of 
 the following: George McKnight, George McKnight the younger, Jackson McKnight, 
 Agnes McKnight Green, Albertha Green Lightburn, Abraham Green, Richard Washington, 
 Sr., Douglas Marshall, Plenty Washington, Lena Smith, Ellen Bunch, Lula Smith, 
 Lula McKinney, Daisy Smith, Willie Heyward and Charlotte Lawrence; Also, Tammy 
 Drummond, Richard Washington, Jr. Agnes Myers, George Green, Bessie Mae Washington, 
 Pamela Stokes, Moses Smalls, Anthony R. Porter, Matthew Porter, Barrett T. Boulware, 
 Roger E. Davison, Ken Richardson and all other persons unknown claiming or having 
 any rights to claim any interest, title, estate of lien upon the property described 
 in paragraph II of the complaint as being the subject of this action, any who 
 are adults being designated as a class as John Doe and any who are minors, or 
 persons under disability or persons in the military service being as a class 
 designated as Richard Roe,        Defendants,
of whom Anthony R. Porter is,       
Respondent.
 
 
 

Appeal From Beaufort County
L. Henry McKellar, Circuit Court Judge

Unpublished Opinion No. 2003-UP-181
Submitted January 10, 2003  Filed March 
 6, 2003

REVERSED AND REMANDED

 
 
 
T. Reeve Sams, of Beaufort; for Appellant.
William M. Bowen, of Hilton Head Island; for Respondent.
 
 
 

PER CURIAM:  In this action to remove a 
 cloud on the title and to quiet title to two parcels of land in Beaufort County, 
 South Carolina, the trial court issued a partial summary judgment order holding 
 a roadway allegedly traversing one of the parcels was a public thoroughfare.  
 The plaintiff, Ann Ritter-Holmes, appeals.  We reverse and remand. 
 [1]    
BACKGROUND
On October 4, 2000, Ann Ritter-Holmes, individually 
 and as personal representative of the estate of Jean Searson Ritter, brought 
 this action to remove a cloud on the title and to quiet title to two parcels 
 of land in Beaufort County, South Carolina.  According to Ritter-Holmess 
 complaint, the two parcels of land consisted of Fraction B of Lot 54 (Lot 54B) 
 and Lot 53 in Section 35 Township Two North, Range Two West of St. Helenas 
 Parish.  Ritter-Holmes claimed ownership of the land by way of inheritance 
 from her mother, Jean Searson Ritter, who died on July 22, 1998.  In 
 her complaint, Ritter-Holmes further alleged that Anthony R. Porter claimed 
 ownership of Lot 54B by way of a quit-claim deed from Ken Richardson.  She 
 further maintained that Porters claim was an unwarranted cloud on her title 
 and that any deeds, conveyances, and plats filed for record on Porters behalf 
 in this matter should be declared null and void or reformed so as to eliminate 
 all reference to any conveyance of the property.
In his amended answer, Porter claimed 
 ownership of Lot 54B through adverse possession.  In addition, he asserted 
 that a prescriptive easement in favor of the general public existed over Bessies 
 Lane, a roadway that allegedly traversed Lot 54B.  In support of this assertion, 
 Porter referenced Richardson v. Drummond, an unpublished opinion issued 
 by this court in 1997. [2]   Finally, Porter contended Ritter-Holmes was equitably estopped 
 from denying that Bessies Lane was a public roadway.    
On March 27, 2001, Porter moved for summary 
 judgment on his claim that Bessies Lane was a public road.  The trial 
 court heard the motion on August 14, 2001.
On October 4, 2001, the trial court granted 
 Porters motion for summary judgment, finding that, based on Richardson v. 
 Drummond, Bessies Lane was a public thoroughfare.  On October 12, 
 2001, Ritter-Holmes moved to alter or amend the judgment, contending Richardson 
 was based on a misconception of fact regarding ownership of the land that Bessies 
 Lane crossed.  The trial court denied the motion on October 30, 2001.
LAW/ANALYSIS
1.  We agree with Ritter-Holmes that the trial 
 court incorrectly relied on this courts prior holding in Richardson v. Drummond 
 in concluding that, as a matter of law, a public easement extended across Lot 
 54B.
As noted in Ritter-Holmess motion to alter or 
 amend, the holding in Richardson was based on the assumption that Ken 
 Richardson, from whom Porter derived his ownership claim, was the owner of Lot 
 54B.  When the case was decided, there was no indication that title to 
 that property was disputed, and neither Ritter-Holmes, her mother, nor any predecessor 
 in their chain of title was made a party to the prior lawsuit.    Because 
 no one in Ritter-Holmess chain of title was heard in the prior litigation regarding 
 the public nature of the easement claimed by Richardson, we hold the trial court 
 erroneously determined that Ritter-Holmes was bound by the prior opinion. 
 [3] 
2.  We further hold that the affidavits submitted 
 by Ritter-Holmes in response to Porters summary judgment motion sufficiently 
 set forth specific facts showing that there is a genuine issue for trial. 
 [4] 
Luke Inabinett, an employee of the Beaufort County 
 Department of Public Works for over 26 years, stated that, as best as he could 
 recall, the County worked on Bessies Lane since 1980 when the owners requested 
 it.  Inabinett also stated the county equipment was never used beyond 
 the boundary line of an adjacent lot to the property at issue here and the area 
 beyond the county equipment turn around spot was previously all grown up 
 with good sized trees and underbrush.  It was not fenced or enclosed and I would 
 describe it as woodlands.  He further described the road traversing 
 the area as a small footpath and it was impossible for a vehicle to use because 
 of the trees and undergrowth. 
Richard Washington, who owned the adjoining lot, 
 and Cornelius Washington, who had lived in the area all of his 83 years, both 
 gave affidavits confirming that (1) the County had maintained the road but only 
 at the request of Richard Washingtons family, (2) the maintenance by the County 
 did not extend beyond the boundary line of the Washington property, and (3) 
 until only recently, the property beyond the boundary line was woodland and 
 covered with trees and underbrush.
Porter argues that, because Luke Inabinett and Richard 
 Washington were witnesses in the prior litigation and because Cornelius Washingtons 
 affidavit appears to add nothing new to the mix, the affidavits submitted 
 by Ritter-Holmes do not create a genuine issue of material fact regarding whether 
 or not a public easement was established over the subject property.  We disagree.  

In the prior litigation, Richardson sought to establish 
 a public easement to gain access to property that he claimed to own, and his 
 claim to ownership was not disputed by any other party in that case.  The central 
 controversy of that lawsuit, therefore, was on the surrounding property over 
 which the easement was alleged to exist.  As noted in the prior opinion, this 
 court determined that the evidence in the record establishes that the property 
 through which Bessies Lane travels is lined with several mobile homes, including 
 a blue and white trailer located at the end of the road near Richardsons 
 property, [5] but made no findings regarding 
 whether or not Richardsons property itself could be characterized as unenclosed 
 woodland.  In contrast, the issue before this court in the present litigation 
 is whether the property allegedly owned by Richardson and deeded to Porterthe 
 same property that was served by the public easement established in Richardsonis 
 now itself subject to the same public easement.  
We agree with Ritter-Holmes that the affidavits 
 she submitted created a genuine issue of material fact as to whether the part 
 of Bessies Lane crossing Lot 54B was a public road and hold the trial court 
 erred in granting partial summary judgment on this issue. 
 [6] 
REVERSED AND REMANDED.
HEARN, C.J., and GOOLSBY and SHULER, JJ., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 [2]   Op. No. 97-UP-514 (S.C. Ct. App. filed October 
 6, 1997).

 
 
 [3]   See Bagwell v. Hinton, 205 S.C. 377, 400, 32 S.E.2d 
 147, 156 (1944) (listing the requirement that [t]he parties must be the same 
 or their privies as one of the elements of res judicata).

 
 [4]   Rule 56(e), SCRCP.

 
 
 [5]   Richardson v. Drummond, Op. No. 97-UP-514 (S.C. Ct. App. 
 filed October 6, 1997) (emphasis added).

 
 
 [6]   See Hook v. Rothstein, 275 S.C. 187, 188, 268 S.E.2d 
 288, 289 (1980) ([S]ummary judgment is appropriate only where it is perfectly 
 clear that no genuine issue of fact is involved and inquiry into the facts 
 is not desirable to clarify the application of the law.).