482 S.E.2d 792

**Sonya KEIGER, Appellant,**

**v.**

**CITGO, COASTAL PETROLEUM, INC., and Angler's Mini-Mart, Inc., d/b/a Angler's Cypress Shores, Respondents.**

**No. 2634.**

Court of Appeals of South Carolina.

Submitted Nov. 7, 1996.

Decided Feb. 18, 1997.

370

A. Christopher Potts, of Hitchcock & Potts, Charleston, for appellant.

David S. Yandle, of Buist, Moore, Smythe & McGee, Charleston, for respondents.

STILWELL, Judge:

In Sonya Keiger's action against her employers, Citgo, Coastal Petroleum, Inc., and Angler's Mini–Mart, Inc. (collectively, "Respondents"), the trial judge dismissed the claims of wrongful discharge and breach of her employment contract's implied covenant of good faith and fair dealing for failure to

state facts sufficient to constitute a cause of action. We affirm in part, reverse in part, and remand.[1]

## FACTS [2]

Keiger worked as a waitress and assistant manager at Respondents' Angler's Cypress Shores Restaurant, and was paid $5.00 per hour plus tips. In December of 1994, Respondents reduced her pay from $5.00 to $3.50 per hour with no prior notice. Keiger contacted the South Carolina Department of Labor and was advised that an employer must provide notice before reducing wages.

Keiger told the manager that she had contacted the state labor board and, based on the advice she had received, accused Respondents of violating state and federal labor laws by reducing her pay without notice. Keiger further stated that, if the violations were not corrected immediately, she would file a formal complaint with the labor board. Keiger alleges that Respondents' response was to fire her.

Keiger filed suit in state court, alleging four causes of action: (1) wrongful discharge in violation of public policy; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the South Carolina Payment of Wages Act;[3] and (4) violation of the Fair Labor Standards Act ("FLSA").[4]

On April 28, 1995, Respondents removed the case to federal court on the basis of the FLSA claim. Thereafter, Respondents filed a 12(b)(6) motion to dismiss all of Keiger's claims.[5] By order dated August 23, 1995, the Honorable C. Weston

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Because this case was decided on the pleadings, factual allegations are deemed admitted in determining whether the facts constitute a cause of action. *See Russell v. City of Columbia*, 305 S.C. 86, 406 S.E.2d 338 (1991).

3. *See* Payment of Wages Act, S.C.Code Ann. §§ 41–10–10 to –110 (Supp.1996).

4. *See* 29 U.S.C. § 215(a)(3).

5. *See* Rule 12(b)(6), FRCP.

Houck dismissed the claim for retaliation under the FLSA and remanded the remaining claims to state court.

By order dated April 1, 1996, the trial judge dismissed Keiger's wrongful discharge and breach of the implied covenant of good faith and fair dealing causes of action for failure to state a claim, and granted summary judgment as to the Payment of Wages Act claim.[6] Keiger appeals the dismissal of the first two claims.

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

█ In dismissing the wrongful discharge claim, the trial judge concluded that Keiger's complaint failed to state a claim under the public policy exception to the employment at-will doctrine. Keiger contends this was error, asserting first, that her complaint does state a cause of action by alleging a retaliatory discharge because of a threatened complaint of a violation of state law and, second, that the novelty of the issue requires further development of the facts of the case before a ruling. We agree with the latter contention.

█ The public policy exception to the at-will employment doctrine was adopted in *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985). To constitute a claim for wrongful discharge under this exception, the retaliatory discharge must constitute a violation of a clear mandate of public policy. *Id.* In *Ludwick,* the supreme court ruled that public policy was invoked when an employer requires the at-will employee to violate the law as a condition of retaining employment.

In *Culler v. Blue Ridge Electric Cooperative, Inc.,* 309 S.C. 243, 422 S.E.2d 91 (1992), the supreme court held, "*Ludwick's* prohibition of retaliatory discharge in violation of clear mandate of public policy of this State extends *at least to* legislatively defined 'Crimes Against Public Policy.'" *Id.* at 246, 422 S.E.2d at 93 (emphasis added). In that case, the employee

---

6. The trial judge granted summary judgment on the Payment of Wages Act claim on the ground that Respondents had paid Keiger the amount the South Carolina Department of Labor determined she was due, and because she had not appealed that determination, she was barred from relitigating it.

was allegedly fired for refusing to contribute to a political action fund. Chapter 17 of Title 16 defines "Crimes Against Public Policy," and section 16–17–560 makes it a "crime against public policy" to fire any person in this state because of their political beliefs. The supreme court determined that if the employee was discharged because he refused to contribute to a political fund he would have a cause of action for wrongful discharge. *Id.*

Recently, in *Garner v. Morrison Knudsen Corp.*, 318 S.C. 223, 456 S.E.2d 907 (1995), our supreme court opened the door for further public policy exceptions to the at-will employment doctrine. The court noted that while the exception has been applied to situations where an employer requires the employee to violate a criminal law and to situations where the termination itself was a violation of criminal law, it had never limited the doctrine to those situations. The court reversed the lower court's dismissal of the employee's wrongful discharge claim, holding whether the exception applied in that case was a novel issue that should not have been summarily decided on a 12(b)(6) motion to dismiss. *Id.*

We hold the issue in the present case, whether an employer's retaliatory discharge of an employee who threatens to invoke her rights under the Payment of Wages Act is a violation of a clear mandate of public policy, is likewise a novel issue. Accordingly, Keiger's cause of action should not have been dismissed pursuant to a 12(b)(6) motion. Whether the statute itself, which was designed to protect working people and assist them in collecting wrongfully withheld compensation, *see Dumas v. InfoSafe Corp.*, 320 S.C. 188, 463 S.E.2d 641 (Ct.App.1995), constitutes a legislative declaration of public policy has never been addressed by the courts of this state. Therefore, we reverse the dismissal of Keiger's wrongful discharge claim and remand for further proceedings in accordance with this opinion.

## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Keiger also contends the trial judge erred in finding that her complaint failed to allege facts sufficient to constitute

a cause of action for breach of the implied covenant of good faith and fair dealing. We disagree.

▇ Pleadings are to be construed liberally and any conclusion of fact that may properly arise from a well pleaded fact is to be regarded as contained in the allegation. *Russell v. City of Columbia*, 305 S.C. 86, 406 S.E.2d 338 (1991). Nevertheless, we fail to see any reasonable inference from the allegations in the complaint that would give rise to a cause of action for breach of the covenant of good faith and fair dealing.

Keiger, citing *Shelton v. Oscar Mayer Foods Corp.*, 319 S.C. 81, 459 S.E.2d 851 (Ct.App.1995), notes that the implied covenant of good faith and fair dealing that is implied in every contract applies to employment contracts that alter the at-will employment status. Nowhere in Keiger's complaint, however, does she allege that her at-will employment status was altered by a handbook or other agreement. Keiger's complaint simply alleges that the covenant arose from the parties' "employment relationship." That her at-will employment status was altered by some type of contract is not a fact that reasonably arises from this allegation. Therefore, the trial court's dismissal of Keiger's claim of breach of the implied covenant of good faith and fair dealing is affirmed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

CONNOR and HEARN, JJ., concur.