532 S.E.2d 259

**David R. LAWSON, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Messim Lee, in her individual and official capacities; and Lorraine Fowler, in her individual and official capacities, Respondents.**

**No. 25121.**

Supreme Court of South Carolina.

Heard March 21, 2000.

Decided May 15, 2000.

Rehearing Denied June 22, 2000.

348

Laura P. Valtorta, of Columbia, for appellant.

Deputy General Counsel Robert Petersen, of Department of Corrections, and Scott Justice, of Haynsworth, Baldwin, Johnson & Greaves, P.A., both of Columbia; and Vance Drawdy, of Haynsworth, Baldwin, Johnson & Greaves, P.A., of Greenville, for respondents.

MOORE, Justice:

The trial judge granted respondent's motion for summary judgment. We affirm.

## FACTS

In December 1994, appellant David R. Lawson, a licensed attorney, took a position with respondent South Carolina Department of Corrections (Department) as an Offender Information Representative. Appellant's immediate supervisor was respondent Messim Lee. Respondent Lorraine Fowler was Lee's supervisor.

In February 1995, the Department began seeking candidates for a Records Manager position. Several internal candidates applied for the position and three were given a written test. One candidate, Deborah Castaldi, scored the highest and was hired. Appellant alleges that Lee had told him he had already pre-selected Castaldi. In March 1995, appellant alleges that he heard Castaldi tell co-workers that she had been allowed to consult reference materials while taking the test. Appellant wrote a memo to a supervisor in the Department outlining his concerns over Castaldi's hiring. At about this same time, appellant allegedly informed the Department that the release dates of several prisoners had been miscalculated.

On April 25, 1995, Fowler told appellant that his employment was being terminated. Appellant brought this action alleging violations of the Whistleblower statute against Department, conspiracy against Lee and Fowler, and retaliation/wrongful discharge and violations of privacy rights against all respondents. The trial court granted Department's motion for summary judgment.

## ISSUE

Did the trial court err in granting Department summary judgment?

## DISCUSSION

Summary judgment is appropriate when it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Citizens & S. Nat'l Bank of South Carolina v. Lanford,* 313 S.C. 540, 443 S.E.2d 549 (1994). Summary judgment should not be granted when inquiry into the facts is desirable to clarify the applica-

tion of the law. *Hook v. Rothstein*, 275 S.C. 187, 268 S.E.2d 288 (1980).

a) Wrongful Discharge Cause of Action

Appellant contends the trial court erred in granting Department summary judgment on his wrongful discharge cause of action. We disagree.

South Carolina has long recognized the doctrine of employment at-will. *Culler v. Blue Ridge Elec. Coop., Inc.*, 309 S.C. 243, 422 S.E.2d 91 (1992); *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985). In *Ludwick*, we adopted a public policy exception to the employment at-will doctrine and held: "Where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *Id.* at 225, 337 S.E.2d at 216. This public policy exception clearly applies in cases when an employer requires an employee to violate the law or the reason for the employee's termination was itself a violation of criminal law. *Garner v. Morrison Knudsen Corp.*, 318 S.C. 223, 456 S.E.2d 907 (1995). This is not the case here. Appellant was not asked to violate the law and his termination did not violate criminal law. Thus, these allegations do not support a wrongful discharge action.

Further, when a statute creates a substantive right (i.e. the Whistleblower statute) and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. *Campbell v. Bi–Lo*, 301 S.C. 448, 392 S.E.2d 477 (Ct.App.1990). Since appellant alleges a wrongful discharge only on the ground of his whistleblowing, he is limited to his remedy under the Whistleblower Act. *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 413 S.E.2d 18, 19 (1992).

b) Whistleblower Cause of Action

Appellant contends the trial court erred in granting Department summary judgment on his Whistleblower cause of action. We disagree.

S.C.Code Ann. § 8–27–20(A) (Supp.1999) provides that "no public body may dismiss, suspend from employment, demote,

or decrease the compensation of an employee of a public body because the employee files a report with an appropriate authority of wrongdoing." A "report" is defined as "a written document alleging waste or wrongdoing that contains the following information: (a) the date of disclosure; (b) the name of the employee making the report; and (c) the nature of the wrongdoing and the date or range of dates on which the wrongdoing allegedly occurred." S.C.Code Ann. § 8–27–10(4) (Supp.1999).

Here, appellant filed an affidavit with John Near, the Department's Personnel Administrator, on March 30, 1995, describing the details of Castaldi's hiring. On that same day, respondent Lee sent a memo to appellant expressing concern over appellant's work and attitude. Near responded to appellant's affidavit on April 7th stating that he had asked respondent Fowler to review the allegations. Near stated that respondent Fowler reviewed the situation and met with respondent Lee. Respondent Fowler then informed Near that there had been a misunderstanding. Near concluded that no state policies had been violated.

■ In his complaint, appellant alleged Department had wrongfully terminated him because he reported violations of policy in regards to the hiring of Castaldi. Appellant, however, has never pointed to any provision or policy which would prevent a potential employee from using reference materials. Since appellant has not pointed to any policy, ethics rule, or other regulation which he claims as a basis for his Whistleblower action, the trial judge correctly granted summary judgment. Furthermore, the evidence indicates another candidate who took the test did not use any reference materials but that she never asked to use them.

■ On appeal, appellant also refers to problems in the Department regarding miscalculating prisoners' release dates. However, he did not allege in his complaint that Department had terminated him because he had reported miscalculations of prisoners' sentences. Even if appellant made such allegations in his complaint, he never filed a report with an appropriate authority concerning the miscalculations as required by the Whistleblower Act.

c) Conspiracy

Appellant contends the trial court erred in granting Department summary judgment on his conspiracy cause of action. We disagree.

"A civil conspiracy is a combination of two or more persons joining for the purpose of injuring the plaintiff and causing special damage to the plaintiff." *LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 370 S.E.2d 711, 713 (1988). Because no special damages are alleged, the trial court correctly granted Department summary judgment on the conspiracy cause of action. *Vaught v. Waites*, 300 S.C. 201, 387 S.E.2d 91 (Ct.App.1989). Allegations based solely upon two supervisors discussing whether to terminate an at-will employee would not support a conspiracy cause of action.

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.