608 S.E.2d 459

**Robert KNOX and Beatrice Knox, Appellants,**

**v.**

**GREENVILLE HOSPITAL SYSTEM, Respondent.**

**No. 3914.**

Court of Appeals of South Carolina.

Submitted Nov. 1, 2004.

Decided Jan. 4, 2005.

Rehearing Denied Feb. 16, 2005.

Jeffrey Falkner Wilkes and Mark Stan Meglic, of Greenville, for Appellants.

J. Ben Alexander, Sarah McMillan Purnell and G. Dewey Oxner, Jr., of Greenville, for Respondent.

KITTREDGE, J.:

Robert and Beatrice Knox appeal the circuit court order granting summary judgment to defendant Greenville Hospital System (Hospital) on his medical negligence claim and her loss of consortium claim, arguing the circuit court erred in finding the applicable two-year statute of limitations barred the claims. Viewing the facts and circumstances in the light most favorable to Knox,[1] we find that under the discovery rule he should have reasonably been aware of a potential claim on the date of his injury, May 2, 2000, regardless of the fact that he did not know the extent of his injury until later diagnosed by an orthopedic surgeon. Because the two-year statute of limitations commenced on May 2, 2000, and Knox did not file the present action until May 8, 2002, we find the statute of limitations bars the present action. Accordingly, we affirm the grant of summary judgment to the Hospital.

## FACTS

On May 2, 2000, Knox sought treatment for high blood pressure at Hospital's emergency room. In an effort to intravenously administer a saline treatment (I.V.) to Knox, a nurse inserted a needle into his wrist. In response, Knox "screamed," "squealed and hollered," and his "whole hand jumped up . . . in [his] fingers." Knox's nurse stated that she "hit the wrong thing in there" and "apologized." Although Knox received "plenty of I.V.s before," he knew something was "different" about this one because of the pain, reaction of his hand, and the nurse's admission to "hit[ting] the wrong thing." Knox believed that "the doctor had hit a nerve in there."[2] Before the Hospital discharged Knox, he informed his nurses that he was still experiencing pain in his wrist. They told him to treat his wrist with ice packs and to return to the Hospital if he experienced trouble.

The icepacks did not alleviate Knox's wrist pain, which continued unabated. Consequently, on May 9 Knox returned

---

1. We refer only to Mr. Knox's claim, recognizing as the parties do that the viability of Mrs. Knox's consortium claim is contingent upon the timeliness of Mr. Knox's claim.

2. The record indicates a nurse administered the I.V., but Knox refers to the person who administered the I.V. as a "doctor."

to the Hospital, where he was advised to take non-prescription pain medicine and apply warm compresses to his wrist. Knox sought treatment from an orthopedic surgeon at the Hospital's clinic on July 12, 2000. On July 26, 2000, the orthopedic surgeon confirmed Knox's suspicions and informed Knox that he suffered a permanent injury to his radial nerve. Knox subsequently underwent surgery and received pain management treatment.

The Knoxes initiated the present action on May 8, 2002. The Hospital answered and subsequently moved for summary judgment on the ground that the applicable two-year statute of limitations barred the Knoxes' claims. The Knoxes responded by submitting a memorandum opposing the Hospital's summary judgment motion.[3]

The circuit court granted summary judgment to the Hospital, ruling that both "Plaintiffs' claims are barred by the applicable statute of limitations." The court noted that Knox—who had received "plenty of I.V.s before" without incident, and experienced admittedly abnormal pain, coupled with the uncharacteristic hand movement, when the nurse inserted the needle in his wrist on May 2, 2000—"was on notice that a claim against another party might exist." The court consequently found that the applicable two-year statute of limitations began running on that date, May 2, 2000, and had expired prior to the filing of the complaint on May 8, 2002. This appeal followed the denial of a Rule 59(e), SCRCP, motion for reconsideration.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Russell v. Wachovia Bank, N.A.*, 353 S.C.

---

3. In their memorandum, the Knoxes only challenged the statute of limitations defense with respect to Mr. Knox's claim. They did not dispute the Hospital's assertion that if the statute barred Mr. Knox's claim, it would also necessarily bar Mrs. Knox's claim for loss of consortium.

208, 217, 578 S.E.2d 329, 334 (2003). On a summary judgment motion, "a court must view the facts in the light most favorable to the non-moving party." *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).

## DISCUSSION

■ Knox argues the circuit court erred in finding he should have reasonably discovered the existence of a potential claim on May 2, 2000, because he did not know the extent of his injury until the July 26, 2000, diagnosis by the orthopedic surgeon. As a result, Knox contends the circuit court erred in barring his medical malpractice claim under the applicable two-year statute of limitations. We disagree.

The Hospital is a governmental entity under the South Carolina Tort Claims Act (Act), S.C.Code Ann. 15–78–10 (Supp.2003). Under the Act, an action is "forever barred unless . . . commenced within two years after the date the loss was or should have been discovered . . ." S.C.Code Ann. 15–78–110 (Supp.2003).

■ Actions brought under the Act are subject to the discovery rule. *Joubert v. South Carolina Dept. of Soc. Services,* 341 S.C. 176, 190, 534 S.E.2d 1, 8 (Ct.App.2000). "According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered." *Id.* The statute does not necessarily run from the date of the negligent act, but from when the injury resulting from the negligent act is discovered or may be discovered by the exercise of "reasonable diligence." *Id.,* 341 S.C. at 190–91, 534 S.E.2d at 8. "The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." *Snell v. Columbia Gun Exch., Inc.,* 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981). "The date on which discovery should have been made is an objective, not subjective, question." *Joubert,* 341 S.C. at 191, 534 S.E.2d at 9. Additionally, the fact that the injured party does not comprehend the full extent of his

injuries is immaterial. *Dean v. Ruscon Corp.*, 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996).

Here, Knox argues he did not discover that he had a cause of action until his orthopedic surgeon informed him of the true nature of his injury on July 26, 2000. Thus, Knox maintains the two-year statute of limitations did not start running until that date and did not expire until July 26, 2002, well after he filed suit on May 8, 2002. We find this argument unavailing under the facts of this case.

In particular, we note that Knox acknowledged that he "screamed," "squealed," and "hollered" from pain when the I.V. was injected in his wrist, and his fingers "threw" and his hand "jumped." He testified that the nurse who administered the I.V. apologized and told Knox she "had hit the wrong thing in there." Knox testified she also said: "It must have been a nerve." He stated he previously had many other I.V.s. and knew something was different about this one because "that hand felt like my whole hand jumped straight up like that. But she know [sic] she had hit something wrong in there." Before he was discharged, Knox told relatives he was experiencing pain, and the "doctor" had hit a nerve. When he left the emergency room, Knox knew he had experienced pain upon injection, that the pain was not a normal consequence of an I.V. administration, that the nurse had hit a nerve, and that the nerve was the "wrong thing" to hit.

We, of course, recognize that varying degrees of pain and discomfort are frequently associated with certain medical procedures, especially invasive ones. The mere presence of pain or discomfort, to be sure, will ordinarily not serve to trigger the commencement of the applicable statute of limitations. The distinctive feature here is Knox's multiple, uneventful experiences with "plenty of I.V.s before." The exercise of reasonable diligence under these facts "would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against [the Hospital] might exist." *Snell*, 276 S.C. at 303, 278 S.E.2d at 334.

Viewing this evidence objectively and in the light most favorable to Knox, we find the circuit court correctly concluded that the "loss ... should have been discovered" on May 2,

2000, and consequently Knox was on notice at that time of a potential claim against the Hospital. S.C.Code Ann. 15–78–110. Additionally, we find it immaterial that Knox did not know the extent of his injury on May 2, 2000. *See Young v. South Carolina Dept. of Corr.,* 333 S.C. 714, 720, 511 S.E.2d 413, 416 (Ct.App.1999) ("[T]he statute of limitations is not tolled during the period of time in which a plaintiff is merely unaware of the extent of an actionable injury.").

## CONCLUSION

We find that a reasonably diligent person of common knowledge and experience, under the admitted facts, would have been aware at the time of the incident on May 2, 2000, that a claim against the Hospital might exist, even though the full extent of the injury was only subsequently discovered. Thus, we conclude that the two-year statute of limitations period began to run on May 2, 2000. Because the complaint was not filed until May 8, 2002, we find no genuine issue of material fact exists as to whether the two-year statute of limitations bars this action. The grant of summary judgment to the Hospital is

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.