682 S.E.2d 271

**Glenda BARRON, Appellant,**

**v.**

**LABOR FINDERS OF SOUTH CAROLINA, Respondent.**

**No. 4553.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2009.

Decided May 28, 2009.

Rehearing Denied Aug. 25, 2009.

A. Christopher Potts, of Charleston, for Appellant.

Paul M. Platte and Katherine B. Barroll, both of Columbia, for Respondent.

THOMAS, J.:

On appeal from Charleston County, the appellant challenges the trial court's grant of summary judgment on a wrongful termination claim, as well as the denial of her Rule 54(b) motion to change a previous summary judgment order pertaining to other related claims. We affirm.

## FACTS

Glenda Barron (Appellant) began employment with Labor Finders of South Carolina (Respondent) in or around 1990 or 1991. Appellant reported to two main superiors, Fields (the owner) and Ray (a regional manager). During the course of Appellant's employment, a second location opened in the Charleston area, and Appellant was told that she was being promoted to sales manager for both Charleston locations. In 2004, Appellant signed an employment agreement setting her compensation in "straight commission" of 3% of customer payments deposited and posted by both Charleston area of-

fices each week within ninety days of invoice date. Neither party disputes Appellant's status as an at-will employee.

The second Charleston location opened for business in September 2004, and began earning income that November. By January 2005, Appellant believed Respondent had not paid the full amount of commissions owed to her. Appellant reported her concerns of unpaid commissions and subsequently met with Ray on February 8, 2005, to discuss the matter. Appellant alleges that at the time of the meeting she was due at least $1,691.45 in unpaid commission.

The following day, February 9, 2005, Respondent terminated Appellant's employment citing the need to downsize in light of recent budget cuts. Eight or nine days later, Respondent paid Appellant all commissions owed to her.[1]

## PROCEDURAL BACKGROUND

On August 2, 2005, Appellant filed suit alleging: (1) violation of SC Payment of Wages Act; (2) breach of contract; (3) breach of contract accompanied by a fraudulent act; and (4) wrongful discharge.

On September 13, 2006, Respondent moved for summary judgment before Judge Dennis, asserting, *inter alia*, that it had paid all wages due Appellant. It appears that initially this motion for summary judgment was denied; however, the initial order supposedly entered on September 23, 2006, is not included in the record on appeal. Subsequently, Appellant's counsel agreed not to contest summary judgment on any of the causes of action except the claim for wrongful termination. Accordingly, on February 26, 2007, Judge Dennis entered an amended order, granting summary judgment on all claims except the wrongful termination.

The wrongful termination claim then proceeded to trial, before Judge Pieper, where Respondent made another motion for summary judgment. Judge Pieper orally granted summary judgment; however, before he entered a final order, Appellant filed a Rule 54(b) motion, requesting that Judge Pieper amend Judge Dennis's February 26 summary judg-

---

1. It also appears Respondent included an additional amount for "severance."

ment order. Judge Pieper withheld ruling on any matters and instead instructed Appellant to direct her Rule 54(b) motion to Judge Dennis.

Subsequently, Appellant filed an amended Rule 54(b) motion to change the February 26 order, requesting that Judge Dennis: (1) state further facts to demonstrate Appellant did not intend to prejudice the wrongful termination claim by consenting to summary judgment on the related three causes of action; (2) deny summary judgment entirely; or in the alternative (3) permit Appellant to voluntarily dismiss the three causes of action. On September 14, 2007, Judge Dennis denied Appellant's Rule 54(b) motion.

On January 11, 2008, Judge Dennis entered an order which granted Respondent's renewed motion for summary judgment on the wrongful termination claim.

Appellant appeals the January 11 order, as well as the denial of the Rule 54(b) motion.

## ISSUES ON APPEAL

I.   Did the trial court err in granting summary judgment to Labor Finders on the wrongful termination claim?

II.  Did the trial court err in denying Appellant's Rule 54(b) motion to revise the prior summary judgment?

III. In the alternative, even if the Rule 54(b) motion should not have been granted, did the initial grant of summary judgment work to bar Appellant's wrongful termination claim?

## STANDARD OF REVIEW

An appellate court reviews the grant of summary judgment under the same standard applied by the circuit court. *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006); *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329(2005); *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 219, 616 S.E.2d 722, 729 (Ct.App.2005). The circuit court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Russell v. Wachovia Bank, N.A.,* 353 S.C. 208, 217, 578 S.E.2d 329, 334 (2003); *Knox v. Greenville Hosp. Sys.,* 362 S.C. 566, 569–70, 608 S.E.2d 459, 461 (Ct.App.2005); *B & B Liquors, Inc. v. O'Neil,* 361 S.C. 267, 270, 603 S.E.2d 629, 631 (Ct.App.2004). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Law v. S.C. Dep't of Corr.,* 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006); *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.,* 336 S.C. 53, 59, 518 S.E.2d 301, 304 (Ct.App.1999).

## LAW/ANALYSIS

### I.

■ Appellant contends that a wrongful termination claim is sustainable under the "public policy exception" when an at-will employee is terminated subsequent to complaining of unpaid wages. We disagree.[2]

■ South Carolina "has long recognized the doctrine of employment at-will." *Lawson v. S.C. Dep't of Corr.,* 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000); *Culler v. Blue Ridge Elec. Coop., Inc.,* 309 S.C. 243, 422 S.E.2d 91 (1992); *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985). An employee without a contract for a stated period of time is presumptively considered an employee at-will, and employers may terminate such employees at anytime. *Cape v. Greenville County Sch. Dist.,* 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005) (noting that even this presumption can be

---

**2.** We note that the Appellant alleges that termination by an employer who is in violation of the South Carolina Payment of Wages Act, section 41–10–20 et. seq. S.C.Code Ann. (Supp. 2005), would fall within the ambit of the public policy exception; however, the record does not support the position that Labor Finders was in fact in violation of the Act. The record demonstrates merely a cursory accusation of such a violation.

overcome and that occasionally an employment contract for a definite period of time can be terminable at will).

■ However, our supreme court has adopted a public policy exception to the doctrine of employment at-will, that "[w]here [a] retaliatory discharge of an at-will employee constitutes a violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *Lawson,* 340 S.C. at 350, 532 S.E.2d at 260 (citing *Ludwick,* 287 S.C. at 225, 337 S.E.2d at 216) (internal quotations omitted). This exception is generally applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law. *Id.*

Appellant urges this Court to expand the public policy exception, relying on the supreme court's 1995 decision in *Garner v. Morrison Knudsen Corporation,* 318 S.C. 223, 456 S.E.2d 907 (1995). The *Garner* court stated that although "we have applied the public policy exception to situations where an employer requires an employee to violate a law, and situations where the reason for the employee's termination was itself a violation of criminal law, we have never held the exception is *limited* to these situations." [3] *Id.* at 226, 456 S.E.2d at 909 (emphasis added and relied upon by Appellant).

However, more recently in *Lawson,* the supreme court cited *Garner* and held that where the "[a]ppellant was not asked to violate the law and his termination did not violate criminal law ... [the] allegations [did] not support a wrongful discharge action," suggesting that the exception has now been so limited. *Lawson,* 340 S.C. at 350, 532 S.E.2d at 261.

Further, we find Appellant's reliance on this Court's decisions in *Keiger v. Citgo Coastal Petroleum Inc.,* 326 S.C. 369, 482 S.E.2d 792 (Ct.App.1997) and *Evans v. Taylor Made Sandwich Co.,* 337 S.C. 95, 522 S.E.2d 350 (Ct.App.1999) to be misplaced.

---

**3.** We point out that procedurally the *Garner* decision was an appeal of a 12(b)(6) SCRCP motion to dismiss. Much of the discussion surrounded whether it was proper to make a decision as to whether the conduct of the employer violated public policy before any information had been developed for trial.

In *Keiger*, an appeal from a grant of a 12(b)(6) motion, unlike the case at hand, the appellant was fired for threatening to make a complaint to the Employment Commission for a violation of the Payment of Wages Act. *Keiger*, 326 S.C. 369, 482 S.E.2d 792. Thus, *Keiger* holds that whether a termination in retaliation for threatening to make a complaint will support a wrongful termination claim is not properly decided on a 12(b)(6) motion. *Id.*

Similarly, in Evans, an appeal from the denial of motions for judgment notwithstanding the verdict and a new trial nisi remittitur, the record demonstrated that the appellant was terminated in retaliation for actually making a complaint to the Employment Commission. *Evans*, 337 S.C. 95, 522 S.E.2d 350. Accordingly, *Evans* stands for the proposition that when the record demonstrates an employee was terminated for making an actual complaint to the Employment Commission, a jury finding of wrongful termination will not be set aside. *Id.*

Procedurally, the case at hand arises from a grant of summary judgment. Thus, we do not find either *Keiger* or *Evans* to be controlling in the case *sub judice*. *Cf.* Rule 56(c), SCRCP; *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 217, 578 S.E.2d 329, 334 (2003) (finding the circuit court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Law*, 368 S.C. at 434–35, 629 S.E.2d at 648 (2006) (stating the appellate court will reverse the circuit court's ruling on a directed verdict or JNOV motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) (finding that in deciding whether the trial court properly granted a 12(b)(6) motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief); and *Proctor v. Dep't of Health & Envtl. Control,* 368 S.C. 279, 319–21, 628 S.E.2d 496, 518 (Ct.App.2006) (ruling the grant or denial of new trial motions rests within the discretion of the trial judge, and his decision will not be disturbed on appeal unless his findings are

wholly unsupported by the evidence or the conclusions reached are controlled by error of law).

Because Appellant was not asked to violate the law and her termination itself was not a violation of criminal law, summary judgment was proper; accordingly, the wrongful termination claim could not be maintained.[4] *Lawson*, 340 S.C. at 350, 532 S.E.2d at 261 (finding that where the appellant was not asked to violate the law nor was his termination itself a violation of criminal law, a claim for wrongful termination could not be maintained).

## II. & III.

In light of our decision *supra* neither the denial of the Rule 54(b) motion, nor the initial grant of summary judgment prejudiced Appellant's wrongful termination claim. We therefore do not address Appellant's remaining issues on appeal. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when a decision on a prior issue is dispositive); *Whiteside v. Cherokee County Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding the appellate court need not address all issues when decision on a prior issue is dispositive).

## CONCLUSION

Accordingly, the ruling of the trial court is **AFFIRMED**.

SHORT and GEATHERS, JJ., concur.

---

4. "Whether the [Payment of Wages Act] itself, which was designed to protect working people and assist them in collecting wrongfully withheld compensation, *see Dumas v. InfoSafe Corp.*, 320 S.C. 188, 463 S.E.2d 641 (Ct.App.1995), constitutes a legislative declaration of public policy has never been addressed by the courts of this state." *Keiger*, 326 S.C. at 373, 482 S.E.2d at 794. However, because there is no evidence in the record to demonstrate that Labor Finders violated the Payment of Wages Act we do not find it necessary at this time to decide whether the Act is such a legislative declaration.