**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tanya Bennett, as next friend of Mykelvion T., a minor,
Appellant,

v.

Lexington County Health Services District, Inc. d/b/a
Lexington Medical Center, Respondent.

Appellate Case No. 2013-001410

Appeal From Lexington County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2015-UP-305
Heard May 13, 2015 – Filed June 24, 2015

**AFFIRMED**

Edward L. Graham and John Layton Ruffin, both of
Graham Law Firm, P.A., of Florence, for Appellant.

Weldon R. Johnson, Matthew Gregory Gerrald, and
Emily Collins Brown, all of Barnes, Alford, Stork &
Johnson, LLP, of Columbia, for Respondent.

**PER CURIAM:** In this medical malpractice action, Appellant Tanya Bennett (Mother) challenges the circuit court's order granting summary judgment to Respondent Lexington County Health Services District, Inc., d/b/a Lexington Medical Center, on the ground that the action was barred by the statute of limitations. We affirm.

Mother's first assignment of error is the circuit court's conclusion that a minor's claim under the South Carolina Tort Claims Act (the Act)[1] is not subject to "the discovery rule." While the circuit court erred in this respect, the error is not reversible.

Initially, we note the phrase "the discovery rule," standing alone, can be misleading because certain statutes of limitations have their own built-in discovery rules.[2] One of these statutes is the statute of limitations for actions brought under the Act,

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2014).

[2] *See* S.C. Code Ann. § 15-78-110 (2005) ("Except as provided for in [s]ection 15-3-40 [of the South Carolina Code (2005)], any action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date *the loss was or should have been discovered* . . . ." (emphasis added)); S.C. Code Ann. § 15-3-530(7) (2005) (stating certain fraud claims are "not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud"); S.C. Code Ann. § 15-3-530(9) (2005) (stating certain actions against directors or stockholders of a "monied corporation" or a banking association do not accrue "until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized"); S.C. Code Ann. § 15-3-545(A) (2005) (requiring most medical malpractice actions to be "commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered"); *Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 272, 384 S.E.2d 693, 694-95 (1989) (discussing *Gattis v. Chavez*, 413 F. Supp. 33, 39 (D.S.C. 1976), and tracing the history of the statutory and judicially-created discovery rules), *overruled on other grounds by Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 462 S.E.2d 858 (1995); *id.* at 272, 384 S.E.2d at 695 ("Section 15-3-545 created a special 'discovery rule' for medical malpractice actions.").

which is set forth in section 15-78-110 and states, in pertinent part, "Except as provided for in [s]ection 15-3-40, any action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date the *loss* was or should have been discovered . . . ." (emphasis added). "Loss" is defined in the Act as follows:

> bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, but does not include the intentional infliction of emotional harm.

S.C. Code Ann. § 15-78-30(f).

This court previously applied the discovery rule under section 15-3-535 of the South Carolina Code (2005) to determine when a cause of action arising under the Act accrues. *See Logan v. Cherokee Landscaping & Grading Co.*, 389 S.C. 611, 617-18, 698 S.E.2d 879, 883 (Ct. App. 2010); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001); *Joubert v. S.C. Dep't of Soc. Servs.*, 341 S.C. 176, 190, 534 S.E.2d 1, 8 (Ct. App. 2000) (citing *Barr v. City of Rock Hill*, 330 S.C. 640, 643-46, 500 S.E.2d 157, 159-60 (Ct. App. 1998)). Section 15-3-535 states, "Except as to actions initiated under [s]ection 15-3-545, all actions initiated under [s]ection 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." While the date a possible "cause of action" should have been discovered will not always be the same as the date "the loss" should have been discovered (the date of accrual under section 15-78-110),[3] these two dates are identical in the present case.

---

[3] *Cf. Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) ("Under [section] 15-3-535, the statute of limitations is triggered not merely by knowledge of an *injury* but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of *the existence of a cause of action* against another." (emphases added)).

For purposes of determining the date of accrual under section 15-3-535, we find *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645 (1996), to be instructive. In *Dean*, our supreme court set forth a specific standard on what constitutes the exercise of reasonable diligence in discovering the existence of a cause of action:

> We have interpreted the "exercise of reasonable diligence" to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party *might* exist. Moreover, *the fact that the injured party may not comprehend the full extent of the damage is immaterial.*

*Id*. at 363-64, 468 S.E.2d at 647 (second and third emphases added) (citation omitted).

In other words, the discovery rule does not "require absolute certainty a cause of action exists before the statute of limitations begins to run." *Bayle*, 344 S.C. at 126, 542 S.E.2d at 741. The statute begins to run from the point that the "facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party **might** exist" and "**not when advice of counsel is sought or a full-blown theory of recovery developed**." *Epstein*, 363 S.C. at 376, 610 S.E.2d at 818.

Further, the plaintiff need not know that his injury is permanent to be on notice he might have a claim against another party. In *Young v. South Carolina Department of Corrections*, this court held that the plaintiff

> was not required to know the sight in his right eye was *permanently* lost to be put on notice the Department of Corrections had caused him injury through the delay in diagnosis and treatment. When he was told of the scar tissue by two separate doctors, who both displayed concern over the delay in diagnosis and treatment, Young discovered or should have discovered *potential* damage to his sight.

333 S.C. 714, 721, 511 S.E.2d 413, 417 (Ct. App. 1999) (second emphasis added); *see also Knox v. Greenville Hosp. Sys.*, 362 S.C. 566, 571-72, 608 S.E.2d 459, 462-63 (Ct. App. 2005) (holding a "reasonably diligent person of common knowledge and experience, under the admitted facts, would have been aware" when a nurse improperly inserted an intravenous needle into the plaintiff's wrist "that a claim against the [h]ospital might exist, *even though the full extent of the injury was only subsequently discovered*." (emphasis added)).

Here, according to Mother's deposition, Dr. Augustine stated "Oops, I hurt his arm" immediately after he delivered Mother's son (Child) on July 23, 2001. The next day, Dr. Augustine checked on Mother and commented on Child's arm injury: "Injuries like this one usually heal fully in about two weeks[.]" However, two weeks later, Child's arm was no better than it was when he was delivered. Given Dr. Augustine's attribution of Child's arm injury to the way he delivered Child, i.e., "Oops, I hurt his arm," and his assurance that an injury of this type usually heals within two weeks, a reasonable person of common knowledge would have discovered that a claim against Respondent might exist the day after this two-week period expired. This day is also the day Mother should have discovered the "loss" for purposes of applying the language of section 15-78-110, i.e., "[A]ny action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date the *loss* was or should have been discovered." (emphasis added).

Because Dr. Augustine delivered Child on July 23, 2001, Mother should have discovered that Child suffered a loss or might have a claim against Respondent on August 7, 2001, two weeks and one day after Child's delivery. Taking into consideration section 15-3-545(D), which contains a seven-year tolling provision for minors, the two-year statute of limitations would have expired on August 7, 2010, well before the present action was filed on June 17, 2011. Even if we consider the accrual date to be December 5, 2001, when Dr. Gilpin informed Mother that Child's "particular deficit was indicative of marginal recovery," the statute of limitations would have expired on December 5, 2010. Likewise, considering an accrual date of January 11, 2002, the date Mother saw an attorney "to inquire about the brachial plexus injuries to see if there was anything that [she]

could actually do,"[4] the statute of limitations would have expired on January 11, 2011.

We appreciate Mother's argument that Dr. Redmond indicated it could not be known whether Child's injury would be permanent until he was approximately eighteen to twenty-four months of age.  However, our jurisprudence on the discovery rule does not allow a plaintiff to wait until she is certain the injury is permanent to file suit.  Rather, Mother was on notice that Child suffered a loss or *might* have a claim against Respondent after the two-week recovery period referenced by Dr. Augustine had expired or, at the latest, when she consulted with an attorney on January 11, 2002.

Mother also argues that filing "some medical negligence birth injury cases in the first two years is a near impossibility" in light of South Carolina's physician affidavit requirement for filing a medical malpractice action.  Mother further states, "[I]t would be impossible or exceptionally difficult to secure an affidavit during the child's first year or two of life substantiating medical malpractice when the injury may ultimately prove to be temporary, [as] temporary injuries can occur without medical negligence."  However, Mother had at least *nine* years after Child's birth within which to file an action on Child's behalf, giving her plenty of time after Child reached twenty-four months of age to obtain the requisite physician affidavit before filing suit.

Mother's second assignment of error is the circuit court's imputation of Mother's knowledge to Child in applying the discovery rule.  We find no error in this regard.[5]  We find the language of the seven-year tolling provision for minors set forth in section 15-3-545(D) to be instructive on this question:

---

[4] Mother signed a medical records release authorizing her and Child's medical providers to send this attorney information regarding her treatment.  Mother did not make any return visits to this attorney, but she signed another medical records release on January 25, 2006, authorizing a second law firm to obtain her medical records.  Again, on November 18, 2010, Mother signed a form authorizing present counsel to obtain Child's medical records.

[5] The circuit court's order granting summary judgment did not expressly address Mother's argument regarding imputation of knowledge to Child; however, we interpret the order as implicitly rejecting this argument.  Therefore, it was unnecessary for Mother to file a Rule 59(e), SCRCP, motion to preserve the issue

Notwithstanding the provisions of [s]ection 15-3-40, if a person entitled to bring an action against a licensed health care provider acting within the scope of his profession is under the age of majority at the date of the treatment, omission, or operation giving rise to the cause of action, the time period or periods limiting filing of the action are not tolled for a period of more than *seven years* on account of minority, and in any case more than one year after the disability ceases. *Such time limitation is tolled for minors for any period during which [a] parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor*.

(emphases added).

The last sentence in section 15-3-545(D) indicates the legislature specifically provided extra protection to a minor in those circumstances in which a parent has purposely failed to bring an action on his behalf. The logical extension of this provision is that the parent's knowledge of facts indicating the minor has suffered a loss or might have a cause of action cannot be imputed to the minor during the period of fraud or collusion. In turn, this implies that in all other circumstances, the parent's knowledge is imputed to a minor for purposes of the discovery rule. *See Hodges v. Rainey*, 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000) ("The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio alterius*' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.'"); *id.* at 87, 533 S.E.2d at 582 ("'The enumeration of exclusions from the operation of a statute indicates that the statute should apply to

---

for appeal. *Cf. Platt v. CSX Transp., Inc.*, 388 S.C. 441, 446, 697 S.E.2d 575, 578 (2010) (holding the appellant did not properly preserve the issue of a common law duty for appellate review because the trial court did not rule on that issue and the appellant did not file a motion to alter or amend the judgment). Further, we are not prohibited from addressing this issue by Mother's failure to list it in her Statement of Issues on Appeal. *See* Rule 208(b)(1)(B), SCACR ("*Ordinarily*, no point will be considered [that] is not set forth in the statement of the issues on appeal." (emphasis added)).

all cases not specifically excluded. Exceptions strengthen the force of the general law and enumeration weakens it as to things not expressed.'").

Mother's third assignment of error is the circuit court's failure to conclude the proper discovery date was a question of fact for the jury. We find no error.

> The burden of establishing the bar of the statute of limitations rests upon the one interposing it, and when the testimony is conflicting upon the question, it becomes an issue for the jury to decide. However, when there is no conflicting evidence or only one reasonable inference can be drawn from the evidence, the determination of when a party knew or should have known that he or she had a claim becomes a matter of law to be decided by the trial court.

*Turner v. Milliman*, 381 S.C. 101, 110, 671 S.E.2d 636, 641 (Ct. App. 2009) (citation omitted), *aff'd in part, rev'd in part on other grounds*, 392 S.C. 116, 708 S.E.2d 766 (2011).

Here, only one reasonable inference could be drawn from the evidence: the day after the two-week recovery period referenced by Dr. Augustine expired was the date that either (1) Mother should have discovered the "loss" for purposes of section 15-78-110 or (2) "the facts and circumstances of [Child's] injury would put a person of common knowledge and experience on notice that some right of his ha[d] been invaded or that some claim against another party **might** exist." *Epstein*, 363 S.C. at 376, 610 S.E.2d at 818. Therefore, the circuit court properly determined the accrual date for Child's cause of action against Respondent as a matter of law, and the grant of summary judgment is

**AFFIRMED.**[6]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[6] We decline to address Respondent's additional sustaining grounds.