**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Betty J. Keitt, Appellant,

v.

City of Columbia, Respondent.

Appellate Case No. 2014-000961

───────────

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

───────────

Unpublished Opinion No. 2016-UP-059
Heard December 8, 2015 – Filed February 17, 2016

───────────

**AFFIRMED**

───────────

Julius Wistar Babb, IV, and J. Lewis Cromer, both of J. Lewis Cromer & Associates, LLC, of Columbia, for Appellant.

W. Allen Nickles, III, of Nickles Law Firm, of Columbia, for Respondent.

───────────

**PER CURIAM:** Betty J. Keitt appeals the circuit court's order granting the City of Columbia's motion for summary judgment on her claim for wrongful termination in violation of public policy. On appeal, Keitt argues the circuit court

erred in finding (1) Keitt had an existing remedy under the South Carolina Whistleblower Act[1] and (2) a claim of wrongful termination in violation of public policy is not available to an at-will employee when the employee has a statutory remedy.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1:  *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011). ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994) (noting "the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings"); *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614, 713 S.E.2d 634, 636 (2011) ("An at-will employee may be terminated at any time for any reason or for no reason, with or without cause."); *Taghivand v. Rite Aid Corp.*, 411 S.C. 240, 243, 768 S.E.2d 385, 387 (2015) ("However, our adherence to the at-will employment doctrine is not without limits."); *Mason v. Mason*, 412 S.C. 28, 63, 770 S.E.2d 405, 423 (Ct. App. 2015), *cert. dismissed* (July 31, 2015) ("Where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises."); *Stiles v. Am. Gen. Life Ins. Co.*, 335 S.C. 222, 228, 516 S.E.2d 449, 452 (1999) (explaining the public policy "exception [to the at-will employment doctrine] is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists" (Toal, J., concurring)); § 8-27-20(A) ("No public body may dismiss . . . an employee . . . because the employee files a report with an appropriate authority of wrongdoing."); § 8-27-30(A) (providing an employee is entitled to bring an action against his employer under the Whistleblower Act when he is terminated within one year of reporting alleged wrongdoing); *Lawson v. S.C. Dep't of Corr.*, 340 S.C. 346, 350, 532 S.E.2d 259, 261 (2000) ("[W]hen a statute creates a substantive right (i.e. the Whistleblower Act) and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy."); *id.* (stating that when an employee "alleges a wrongful

---

[1] S.C. Code Ann. §§ 8-27-10 through -60 (Supp. 2015).

discharge only on the ground of his whistleblowing, he is limited to his remedy under the Whistleblower Act").

As to Issue 2: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address an appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**